FILED

DEC 19 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

SARAH BRIDGET SCHAFER,

                    Debtor.
_____

Case No. 05-36453-A-7

Docket Control No. None

Date: Ex Parte
Time: Ex Parte

**MEMORANDUM**

The debtor has filed an ex parte motion asking for a waiver of the $26 filing fee required when the debtor amends the schedule of creditors or the list of creditors.  See Appendix to 28 U.S.C. § 1930.

This petition was filed on October 13, 2005.  Therefore, the amendments to section 1930(f) made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are not applicable in this case.  Those amendments went into effect only in cases filed on or after October 17, 2005.

In cases filed prior to October 17, 2005, section 1930(a) requires payment of the fees '[n]otwithstanding section 1915 of this title."

28 U.S.C. § 1915 provides that "[a]ny court of the United States" has the authority to waive filing and related fees due to a plaintiff's indigence.  However, except in cases filed on and

after October 17, 2005, section 1930(a) specifically excepts bankruptcy filing fees from waiver under section 1930(a).

Further, 28 U.S.C. § 451, which defines the terms used in title 28, defines "court of the United States" as the Supreme Court, appellate courts, district courts and any federal court in which judges are entitled to hold office during good behavior. "Good behavior", according to the weight of authority, refers to Article III judges who enjoy life tenure and may be removed only by impeachment.  Bankruptcy judges, however, are Article I judges and are appointed for 14 year terms.  As a result, most courts have held that bankruptcy courts are not courts of the United States for the purpose of the indigence waiver of 28 U.S.C. § 1915.  1 Collier on Bankruptcy, § 9.05, p. 9-7 (Lawrence P. King, et al., eds., 15th ed. rev. 2003).

Therefore, the court is unable to waive the fees.

The court notes further that if this petition had been filed on or after October 17, 2005 it would not grant the fee waiver because the debtor has not proven, as required by new section 1930(f)(1), that her income is less than 150% of the income official poverty line.

A separate order will be issued.

Dated: **19 Dec. 2005**

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-2-

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
501 I St. Ste 7-500
Sacramento, CA 95814

Sarah Schafer
PO Box 2293
Orangevale, CA 95662-2293

Hank Spacone
PO Box 255808
Sacramento, CA 95865

Dated: December 20, 2005

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus